648 A.2d 1350

### In re NOMINATION PAPERS OF Richard ADAMS a/k/a Rick Adams.

### Appeal of Richard ADAMS, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1994.

Decided Oct. 4, 1994.

Publication Ordered Oct. 24, 1994.

Jonathan B. Robison, for appellant.

Garry A. Nelson, for appellee.

Before SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

This is an appeal by Richard Adams a/k/a Rick Adams (Adams) from an order of the Court of Common Pleas of Allegheny County (trial court), dated September 19, 1994,[1] setting aside the nomination papers of Adams as a candidate for the office of City Council for the 9th Council District, City of Pittsburgh and directing the Department of Elections of Allegheny County not to certify Adams as a candidate for election on the ballot for the political body "A New Coalition" in the special election to be held Tuesday, November 8, 1994. We reverse the trial court.[2]

The facts are not in dispute and are as follows. A vacancy occurred in the office of City Council of the City of Pittsburgh for the 9th District by reason of the death of Duane Darkins, which vacancy was to be filled at a special election to be held at the general election on November 8, 1994. Pursuant to the rules of the Democratic Party of Allegheny County, a meeting was held on July 28, 1994, by the Allegheny County Democratic Committee (Committee), to nominate a candidate to fill the vacancy of council for the 9th District of the City of Pittsburgh. At said meeting, three persons, all of whom were registered democratic electors, were presented and considered for nomination for the aforesaid vacancy. Adams was one of the three persons considered for nomination by the Committee; the Committee nominated one Valerie A. McDonald for said vacancy.

On July 29, 1994, Adams changed his party registration from Democrat to "Independent" (non-partisan). On August 1, 1994, Adams filed nomination papers with the Allegheny County Department of Elections for the office of City Council for the 9th District of the City of Pittsburgh as a candidate of the political body "A New Coalition." A petition to set aside

1. On September 22, 1994, the trial court stayed its order pending appeal here and we granted expedited argument for October 3, 1994 at 10:00 A.M. before the undersigned pursuant to Pa.R.A.P. 3712(2).

2. The Commonwealth Court has jurisdiction pursuant to Section 977 of the Pennsylvania Election Code, 25 P.S. § 2937, governing objections to nomination petitions and papers, and by virtue of 42 Pa.C.S. § 762, governing appeals in courts of common pleas.

Adams' nomination papers was filed on August 4, 1994 by Lamonte E. Wilson (Wilson).[3]

By opinion and order dated September 19, 1994, the trial court granted Wilson's petition. The trial court concluded that, by virtue of Section 951 of the Pennsylvania Election Code (Election Code), *as amended,* 25 P.S. § 2911,[4] Adams had failed to satisfy the eligibility requirements necessary to be nominated by a political body. The trial court, in removing Adams from the ballot in the special election to be held November 8, 1994, reasoned:

> The Respondent, Richard Adams, admits in his Memorandum of Law that "It is clear in Pennsylvania that unsuccessful candidates in a primary election cannot run for that office in the subsequent general election. The Election Code prohibits persons from enjoying 'two bites of the apple.' " . . . .

> The Respondent seeks to distinguish this rule of law from the present case because the upcoming election is a "special election" as distinguished from a "primary election" in the Election Code, 25 P.S. § 2601(r), (v).

> However, the distinction between special and primary elections is a distinction without a difference in this case and is not relevant regarding this specific issue; elections designated as "special", in these circumstances, are the result of necessity for candidate selection in which party caucuses are substituted for the primary election. The Election Code compels that such "special" elections be held in accordance with the election rules and not violate the spirit of the Code.

3. Wilson is a democratic elector from the 9th Council District of the City of Pittsburgh.

4. Section 951 provides, in pertinent part, that an affidavit shall be appended to each nomination paper stating:

> . . . .
> (e)(5) that his name has not been presented as a candidate by nomination petitions for any public office to be voted for *at the ensuing primary election,* nor has he been nominated by any other nominations papers filed for any such office; . . . (Emphasis added.)
> 25 P.S. § 2911(e)(5).

25 P.S. §§ 2787, 2779. See also Baronett, supra, at 181 and *Packrall v. Quail,* 411 Pa. 555, 192 A.2d 704 (Pa.1963).

To the extent that the procedures for holding and making nominations within special elections should deviate from the general rules in the Election Code, they are specifically provided for in the Code and the spirit of the Code should be respected and followed. This Court rejects unequivocally the contention that a special election is not a primary particularly as to the applicability of Section 25 P.S. 2911. Any other interpretation of the Election Code would tend to dilute and render meaningless its terms by allowing a disgruntled, disappointed candidate for a party nomination to "test the water" and when rejected take a "second bite of the apple". No other losing candidate can do this. (Footnote omitted.)

On appeal to this Court, Adams contends that the trial court erred in equating a meeting of a political party committee to select a party candidate to fill a vacancy at a special election to that of a primary election. We agree.

 The Election Code draws a distinction between primaries and special elections. A "primary or primary election" is defined therein as "any election held for the purpose of electing party officers and nominating candidates for public office to be voted for at an election." 25 P.S. § 2602(r). A "special election" is also defined therein as "any election other than a regular general, municipal or *primary election.*" 25 P.S. § 2602(v). (Emphasis added.) Thus, a special election is separate and apart from a primary. *See Munce v. O'Hara,* 340 Pa. 209, 16 A.2d 532 (1941) (special elections votes are considered separate and apart from any other votes cast as part of any other election). Accordingly, since Section 951(e)(5) only applies to nominations regarding candidacies for ensuing primary elections, the trial court erred in applying that subsection as a requirement for Adams in the special election.

Nominations for special elections for both political parties and political bodies candidates are governed by Section 629 of

the Election Code, 25 P.S. § 2779. Political parties are permitted to nominate candidates by means of nomination certificates, in accordance with party rules relating to the filling of vacancies, as prescribed in Section 630 of the Election Code, 25 P.S. § 2780. Political bodies are required to nominate their candidates by means of nomination papers in accordance with the provisions of Sections 951, 952 and 954 of the Election Code, 25 P.S. §§ 2911, 2912, and 2914.

■ Section 976 of the Election Code, 25 P.S. § 2936, sets forth the circumstances under which nomination papers will not be accepted. Our review of this section has failed to reveal any such circumstances herein which would preclude the filing of Adams' nomination papers. Section 951.1 of the Election Code, 25 P.S. § 2911.1, imposes an additional limitation on the eligibility of political body candidates as follows:

Any person who is a registered and enrolled member of a party during any period of time beginning with thirty (30) days before the *primary* and extending through the general or municipal election of that same year shall be ineligible to be the candidate of a political body in a general or municipal election held in that same year *nor shall any person who is a registered and enrolled member of a party be eligible to be the candidate of a political body for a special election.* (Emphasis added.)

Section 951.1 differentiates between primaries with regard to general or municipal elections and special elections. The only limitation imposed by this Section upon a political body candidate in a special election is that the candidate not be registered and enrolled as a member of another political party at the time of the filing of his nomination papers. *See Packrall v. Quail,* 411 Pa. 555, 192 A.2d 704 (1963) (Section 976 of the Election Code requires only that the person seeking nomination not be the candidate of another political group at the time the nomination paper is filed).

■ It is undisputed that as of July 29, 1994, Adams was no longer a member of the Democratic Party, having changed his registration to Independent; that, at the time he filed his

nomination papers on August 1, 1994, he was not the candidate seeking nomination of another political group; and that his nomination papers were in all other respects in accordance with the requirements of the Election Code. Accordingly, the trial court erred in granting Wilson's petition and directing the Department of Elections of Allegheny County not to certify Adams as a candidate for the special election.

## ORDER

AND NOW, this 4th day of October, 1994, the order of the Court of Common Pleas of Allegheny County, dated September 19, 1994, is reversed.